**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MARIO MIMS**,                )<br>                                            )<br>       Plaintiff,                )<br>                                            )<br>v.                                       )<br>                                            )<br>**MOTORCARS OF GEORGIA,** )<br>**LLC and CHARLES CARDEN,** )<br>                                            )<br>       Defendants.              ) | CIVIL ACTION<br><br>FILE NO. 1:16-CV-01589-SCJ |

**PLAINTIFF MARIO MIMS'S RESPONSE TO
DEFENDANT MOTORCARS OF GEORGIA LLC'S
MOTION TO REVIEW PLAINTIFF'S BILL OF COSTS**

Plaintiff Mario Mims ("Mr. Mims") hereby responds to the Motion to Review Plaintiff's Bill of Costs (Dkt. 136) (the "Motion") filed by Defendant Motorcars of Georgia, LLC ("Motorcars") on June 11, 2019.  As set forth below, Motorcars' requested adjustments to the Clerk's award of costs are inappropriate, and the Motion should be denied.

As a threshold matter, Motorcars does not dispute four of the six specific categories of cost taxed by the Court and included in the judgment: Fees of the Clerk, Subpoena Fees, Deposition Costs, and Copying Costs.  (Motion, Dkt. 136 at ¶ 5; *see also* Dkt. 135).  Those costs total $4,135.99.  (Bill of Costs, Dkt. 134).  Accordingly,

this Response will address only the two disputed categories of cost and Motorcars' request that the total costs be reduced based on the jury's allocation of fault.

### A.   The Costs for Mr. Morales's Airfare Should be Taxed Against Motorcars.

First, Motorcars objects to the taxation of costs for transportation expenses for Mr. Mims's expert, Eugene Morales.  (Motion, Dkt. 136 at ¶ 6).  In support of that objection, Motorcars argues that "it took steps to save the witness the need of appearing in Atlanta," and that the witness costs should be disallowed because Mr. Morales "never traveled to Atlanta for the Trial."  (*Id.* at ¶ 6; Motorcars Brief, Dkt. 136-1 at 4).  These arguments do not address the causes of, and circumstances surrounding, Mr. Morales's travel expenses.

Courts in this Circuit have held that witnesses who travel from out of state are entitled to recover their travel expenses.  *See, e.g.*, *Bolt v. Halifax Hosp. Med. Ctr.*, No. 82-122-Orl-CIV-18, 1984 U.S. Dist. LEXIS 24414, at *13–14 (M.D. Fla. Aug. 11, 1984) (citing 28 U.S.C. § 1821 (c)(4) and holding that "witnesses who travel from without the state are entitled to recover their costs of travel and subsistence.").  Moreover, at least one court in this Circuit has held that a prevailing party may recover travel expenses for a witness that was named on the party's witness list but ultimately did not testify.  *See Jones v. Webb*, No. 6:09-cv-00074-LSC, 2013 U.S. Dist. LEXIS 202973, at *4–5 (N.D. Ala. Nov. 26, 2013).

Motorcars is correct that Mr. Morales never traveled to Atlanta for the trial—a fact Mr. Mims raised in his Bill of Costs submission (*see* Decl. of Sean B. Bedford, Dkt. 134-1 at ¶¶ 6, 10)—but his travel costs were incurred prior to Motorcars' eve-of-trial agreement to the stipulation regarding his testimony. As the Court is aware, the trial in this action was continued several times from its original date on December 3, 2018, to April 16, 2019 (*see, e.g.*, Dkt. 107). Thus, Mr. Mims was required to change Mr. Morales's travel reservations to accommodate the new trial schedule. In an effort to limit costs, Mr. Mims re-booked Mr. Morales on a non-refundable flight from Fort Lauderdale to Atlanta on April 16, 2019.

On or about April 10, 2019, counsel for Motorcars contacted counsel for Mr. Mims and suggested that the parties stipulate to the value of the vehicle-at-issue before and after the collision. The parties negotiated the terms of that stipulation over the course of that week, and the final stipulation was ultimately filed the day before trial commenced. (Pretrial Stipulation, Dkt. 114; *see also* Exhibit 1 (Email chain between parties)). That stipulation eliminated the need for Mr. Morales to testify at trial. (*See, e.g.*, Dkt. 114 at ¶¶ 19, 20).

Mr. Mims appreciates Motorcars' willingness to stipulate to those issues, but the late timing of the stipulation prevented Mr. Mims from recouping, or at the very least minimizing, the costs associated with Mr. Morales's travel. Motorcars knew

that Mr. Mims intended to present expert testimony concerning the value of the vehicle since at least May 1, 2017.[1] Despite that knowledge, Motorcars waited nearly two years to stipulate to the vehicle's diminished value. The amount of the diminished value eventually stipulated to was the exact same value set forth in the proffered expert report, which was filed May 1, 2017. (*Compare* Dkt. 114 at ¶¶ 19–20 *with* Dkt. 45 at ¶¶ 17, 21). If Motorcars had offered to stipulate to the vehicle's diminished value before Mr. Morales's flight was rebooked on March 6, 2019 (e.g., in the parties Proposed Pretrial Order), Mr. Mims would not have incurred that cost. Mr. Mims also could have made efforts to recover or receive credit for Mr. Morales's travel expenses if Motorcars had agreed to the diminished value before the eve of trial. Instead, Motorcars' delay required Mr. Mims to make arrangements to ensure that Mr. Morales would be present at trial. Mr. Mims should be permitted to recover the costs associated with those arrangements from Motorcars. *See Bolt*, 1984 U.S. Dist. LEXIS 24414, at \*14.

---

[1] Mr. Mims disclosed Daniel Abello of Euro Motorsport as an expert to "testify as to the pre-accident and post-accident retail value of the subject Aventador" on May 1, 2017. (Dkt. 45). Motorcars filed a motion to exclude that testimony on May 9, 2018, which was denied by the Court on November 6, 2018. (Dkt.72, 86). After Mr. Abello became unavailable, Mr. Mims moved without objection to amend his expert disclosures to substitute Mr. Morales as a "designated expert to testify as to the pre-accident and post-accident retail value of the subject Aventador" on November 15, 2018. (Dkt. 87). That motion was granted on November 19, 2018. (Dkt. 89).

### B.     Mr. Mims Withdraws His Request for Miscellaneous Costs.

Motorcars also asserts that Mr. Mims's costs for "Westlaw research, PACER fees and postage," as set forth in Exhibit F to the Bill of Costs, "are not taxable." (Motorcars Brief, Dkt. 136-1 at 3). Upon further analysis of the relevant law, Mr. Mims does not dispute that, although these costs were necessarily incurred in this action, they do not fall within the purview of 28 U.S.C. § 1920. Accordingly, Mr. Mims withdraws his request for $577.93 in miscellaneous costs, as identified in Exhibit F to the Bill of Costs.

### C.     The Costs Should Not Be Reduced Based on the Jury's Allocation of Fault.

Motorcars further contends that the costs taxed against it should be limited to only 17% of the total costs because of the jury's allocation of fault for Mr. Mims's diminished value claim. (Motion, Dkt. 136 at ¶ 8; Motorcars Brief, Dkt. 136-1 at 5). That request is misplaced here because the vast majority of the costs presented in Mr. Mims's Bill of Costs are *solely* attributable to Motorcars. Indeed, former Defendants PAM Transportation Services, Inc. ("PAM") and Timothy Camp were dismissed from this action before many of these expenses were incurred. (*See* Dkt. 92, 94). Thus, regardless of the amount of liability apportioned to Motorcars by the jury, 100% of these costs should be taxed against Motorcars.

For example, with respect to the "Summons & Subpoena" costs, Mr. Mims is only seeking his costs for serving the complaint on Motorcars and serving a subpoena on Timothy Alderman,[2] a former Motorcars employee whose testimony pertained exclusively to Motorcars' liability. (Exhibit B to Bill of Costs, Dkt. 134-3). Mr. Mims does not seek to recover the costs associated with serving summons and subpoenas on PAM or Mr. Camp, and no portion of the costs of serving Motorcars and its witness should be attributed to those former Defendants. Likewise, with respect to "Depositions and Transcripts," Mr. Mims is only seeking costs for the depositions of Motorcars' witnesses. (Exhibit C to Bill of Costs, Dkt. 134-4).

Similarly, Mr. Mims seeks to recover the travel costs for Mr. Morales, which were incurred solely to enable Mr. Morales to testify at the trial, in which Motorcars and Charles Carden (a former Motorcars employee) were the only remaining defendants. (Exhibit D to Bill of Costs, Dkt. 134-5). Likewise, most of the copying costs identified in Exhibit E were incurred in preparation for trial against only Motorcars and Mr. Carden. (Exhibit E to Bill of Costs, Dkt. 134-6; *see also* Dkt. 92, 94).

---

[2] The subpoena was served on Mr. Alderman on November 30, 2018, after PAM and Mr. Camp were dismissed from this action. (*Compare* Dkt. 134-3 at 4 *with* Dkt. 92, 94).

There is a "strong presumption" in this District "in favor of awarding costs to the prevailing party." *Hazelton v. Dekalb Cty.*, No. 1:09-cv-00026-JOF, 2011 U.S. Dist. LEXIS 162713, at *6 (N.D. Ga. Nov. 10, 2011) (quoting *Drake-Sims v. Burlington Coat Factory Warehouse of Ala., Inc.*, 330 Fed. App'x 795, 805 (11th Cir. 2009)). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.* (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc)). Even if the costs identified above could be reasonably attributed to other defendants, Motorcars cites no legal authority supporting its request to wipe out nearly all (83%) of the costs taxable against it, and, thus, has not provided a sound basis for defeating the strong presumption in favor of awarding full costs.

Motorcars further admits that it is able to pay the full amount of the costs taxed and candidly concedes it "cannot . . . seek relief on the grounds the issues in the cases were 'difficult, novel or complex.'" (Motorcars Brief, Dkt. 136-1 at 5). In lieu of citing legal precedent, Motorcars acknowledges that its request for a reduction of costs is an appeal to the Court to exercise its discretion based on "equity principles." (*Id.* at 6). As shown above, however, equity dictates that Motorcars should *not* be excused from paying these costs, most of which are directly

attributable to its decision to continue litigating. Accordingly, the full amount of costs currently sought by Mr. Mims ($5,513.39)[3] should be taxed against Motorcars.

If, however, the Court finds it appropriate to adjust the amount of any of these costs, such adjustments should be limited to the Fees of the Clerk (i.e., the Court's Civil Action Filing Fee and *pro hac vice* fees for Mr. Mims's out-of-state counsel) and the $239.14 worth of copying fees incurred in June 2018 in preparation for the parties' Settlement Conference, which occurred before PAM and Mr. Camp were dismissed.[4] (Exhibits A and E to Bill of Costs, Dkt. 134-2, 134-6). Those are the only remaining costs that can reasonably be attributed to all parties involved. To the extent the Court concludes that those costs should be reduced to 17% based on the jury's apportionment of fault, Mr. Mims respectfully submits that a total of $4,733.90 should be taxed against Motorcars.[5] Mr. Mims notes, however, that Motorcars has not identified any precedent that endorses its argument for reducing costs based on the jury's apportionment of liability.

\*   \*   \*

---

[3] This value excludes the $577.93 of miscellaneous costs withdrawn in Section B, *supra*.

[4] *See* Settlement Conference Minute Sheet, Dkt. 81.

[5] If reduced by 17%, the Fees of the Court (originally $700.00) would be reduced to $119.00, and the $239.14 of June 2018 copying costs would be reduced to $40.65. The remaining $4,574.25 would not be affected by that reduction, bringing the total taxable costs against Motorcars to $4,733.90.

For the reasons set forth above, Mr. Mims respectfully requests that the Court deny Defendant Motorcars' Motion to Review Plaintiffs' Bill of Costs and order that costs in the amount of $5,513.39 be taxed against Motorcars, with those costs included in the judgment.  Mr. Mims further withdraws his request for an award of $577.93 in miscellaneous fees, as set forth in Exhibit F to the Bill of Costs.

Respectfully submitted this 21st day of June, 2019.

        */s/ Sean B. Bedford*
        Sean B. Bedford, Esq
         Ga. Bar No. 807127
         sean.bedford@alston.com
        ALSTON & BIRD LLP
        One Atlantic Center
        1201 West Peachtree Street
        Atlanta, GA  30309-3424
        Telephone: (404) 881-7000
        Facsimile: (404) 881-7777

        Bruce S. Kramer
         Tenn. Bar No. 7472
         (*admitted pro hac vice*)
         bkramer@appersoncrump.com
        APPERSON CRUMP PLC
        6070 Poplar Avenue, Suite 600
        Memphis, Tennessee 38119
        Tel:   (901) 756-6300
        Fax:  (901) 757-1296

        *Counsel for Plaintiff Mario Mims*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

        */s/ Sean B. Bedford*
        Sean B. Bedford, Esq
        Ga. Bar No. 807127
        sean.bedford@alston.com
        ALSTON & BIRD LLP
        One Atlantic Center
        1201 West Peachtree Street
        Atlanta, GA  30309-3424
        Telephone: (404) 881-7000
        Facsimile: (404) 881-7777

        *Counsel for Plaintiff Mario Mims*

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

        */s/ Sean B. Bedford*
        Sean B. Bedford, Esq
        Ga. Bar No. 807127
        sean.bedford@alston.com

        *Counsel for Plaintiff Mario Mims*